1 | John L. Krieger, Esq.
2 | Nevada Bar No. 6023
  | DICKINSON WRIGHT PLLC
3 | jkrieger@dickinsonwright.com
  | 3883 Howard Hughes Parkway, Suite 800
4 | Las Vegas, Nevada 89169-0965
  | Phone: (702) 550-4400
5 | Fax: 844-670-6009

6

7 | **UNITED STATES DISTRICT COURT**

8 | **DISTRICT OF NEVADA**

9 | BBK Tobacco & Foods, LLP, an Arizona limited | Case No. _____
10 | liability partnership, d/b/a HBI International,

11 |        Plaintiff, | **COMPLAINT**

12 |                v.

13 | BLUUM LAB LLC, a Florida limited liability | **DEMAND FOR JURY TRIAL**
   | company; JUUCY LLC, a Florida limited liability
14 | company; and JUUCY HOLDINGS, L.L.C., a
   | Florida limited liability company
15
16 |        Defendants.

17

18 |        Plaintiff BBK Tobacco & Foods, LLP, d/b/a HBI International ("BBK"), for its Complaint

19 | against Defendants BLUUM LAB, LLC, JUUCY LLC, and JUUCY HOLDINGS L.L.C.

20 | (collectively "Defendants") states as follows:

21 |        **NATURE OF THE CASE**

22 |        This is an action for trademark infringement, unfair competition, false designation of

23 | origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); and common law

24 | trademark infringement and unfair competition, as well as deceptive trade practices, under the law

25 | of the State of Nevada.

26 |        **JURISDICTION AND VENUE**

27 |        1.       This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28

28 | U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question, complete



1

diversity of citizenship exists, and the amount in controversy exceeds $75,000. Subject matter jurisdiction over BBK's related state common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

2.      Upon information and belief, this Court may exercise personal jurisdiction over Defendants, and each of them, by virtue of their committing acts of trademark infringement in the State of Nevada which they knew or should have known would cause injury in Nevada. Defendants, and each of them, have conducted business and have directly harmed BBK in this District by using, selling, offering for sale and/or importing products that infringe on BBK's trademarks at the CHAMPS Show ("CHAMPS") held on February 2-5, 2022 at the Las Vegas Convention Center in Las Vegas, Nevada.

3.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to BBK's claims occurred in the District of Nevada. Pursuant to LR IA 1-6, venue lies in the unofficial Southern Division of this judicial district.

## THE PARTIES

4.      BBK is an Arizona limited liability partnership with its principal place of business in Arizona.

5.      Defendant Bluum Lab LLC ("BluumLab") is a Florida limited liability company with a place of business and mailing address located at 470 Ansin Blvd., Hallandale Beach, FL 33009, organized in or around October 2018.

6.      The corporate information BluumLab filed with the Florida Secretary of State identifies two individuals who are authorized to act on behalf of BluumLab: Yehuda Gabay and Elad Barda.

7.      Defendant Juucy LLC ("Juucy LLC") is a Florida limited liability company with a place of business and mailing address located at 470 Ansin Blvd., Hallandale Beach, FL 33009, organized in or around July 2020.

8.      The corporate information Juucy LLC filed with the Florida Secretary of State

identifies Yehuda Gabay and Elad Barda as authorized to act on behalf of Juucy LLC.

9.    Defendant Juucy Holdings L.L.C. ("Juucy Holdings") is a Florida limited liability company with a place of business and mailing address located at 470 Ansin Blvd., Hallandale Beach, FL 33009, organized in or around September 2021.

10.    The corporate information Juucy Holdings filed with the Florida Secretary of State also identifies one of the following two individuals, connected to BluumLab and Juucy LLC, as authorized to act on behalf of Juucy Holdings: Yehuda Gabay and Masoud Wardak.

11.    True and correct copies of BluumLab's, Juucy LLC's, and Juucy Holdings' corporate filings with the Florida Secretary of State are attached hereto as Exhibit A.

12.    Upon information and belief, BluumLab, Juucy LLC, and Juucy Holdings are each the alter ego of the other, and are the officer, agent, servant, representative, and/or employee of the other, acting in participation with each other, and have authority or apparent authority to bind the other.

13.    Upon information and belief, Defendants, and each of them, own and intend to operate a "Juucy" website located at <juucy.com (the "Website").

14.    A true and correct copy of the home page of the Website, stating that it is under construction and will be launching soon, is attached hereto as Exhibit B.

15.    Although the actual registration information is protected by a privacy service, upon information and belief, one of the Defendants registered the <juucy.com> domain name with GoDaddy.com, LLC on or around January 27, 2022.

16.    The registration for the <juucy.com> domain name identifies the registrant as being located in Florida.

17.    A true and correct copy of the WHOIS record for the <juucy.com> domain name is attached hereto as Exhibit C.

18.    Upon information and belief, one of the Defendants is the registered owner of the <juucy.com> domain name registration.

19.    Upon information and belief, Defendants, and each of them, registered for and

attended the CHAMPS Show as an exhibitor at booths 1133, 6091, and 7113 (the "Juucy Booths").

20.   Upon information and belief, Defendants, and each of them, are responsible for the manufacture, distribution, promotion, marketing, selling, offering for sale, and/or importing products using the name "Juucy."

## GENERAL ALLEGATIONS

### A.   BBK's JUICY Brand Products and BBK Family of JUICY Marks

21.   BBK is in the business of designing, marketing, and selling tobacco-related products, including loose tobacco, rolling papers, cigars, vaporizers, and liquid flavoring for tobacco and legal smoking herbs, among other smoking-related products (the "BBK Products").

22.   BBK identifies certain line of BBK Products with the name "juicy" alone or in combination with other words (the "JUICY Brand Products").

23.   In or around 2000, BBK launched a line of tobacco-related products using the name "juicy." BBK's combined line of "juicy" products includes flavored rolling papers, flavored cigars, flavored cigar wraps, and natural liquid products used to flavor tobacco, legal herbs, cigars, pipes, vaporizers, and e-cigarettes.

24.   The 2021 BBK catalog identifies numerous different JUICY Brand Products, including, but not limited to JUICY brand rolling papers, rollers, smokable herbs, jars, storage containers, incense sticks, and vaporizer pens.

25.   BBK uses the word "juicy" as a distinctive, common formative element of the series of marks for the JUICY Brand Products.

26.   The marks containing the word "juicy" that BBK uses to identify the JUICY Brand Products include the following: JUICY® and JUICY JAY'S® (the "BBK Family of JUICY Marks").

27.   BBK has composed the BBK Family of JUICY Marks in such a way that the public associates each individual mark and their common characteristic, "juicy," with products originating from BBK.



DICKINSON WRIGHT

28. Consumers of smoking products and accessories associate the individual and collective marks in the BBK Family of JUICY Marks and the word "juicy" itself, as an indicator that BBK is the source of the goods of services identified with the word "juicy."

29. BBK is named as the record owner of the following United States Patent and Trademark Office ("PTO") registrations of trademarks:

a. JUICY JAY'S (Reg. No. 2678289), issued on January 21, 2003, for "[t]obacco accessories, namely, rolling papers," based on an application filed on March 22, 2002;

b. JUICY (Reg. No. 3053223), issued on January 31, 2006, for "[t]obacco accessories, namely rolling papers, rolling machines, pipes," based on an application filed on March 23, 2004;

c. JUICY JAY'S (Reg. No. 3876971), issued on November 16, 2010, for "[t]obacco and herbal smoke masking incense," based on an application filed on April 8, 2010;

d. JUICY (Reg. No. 4387522), issued on August 20, 2013, for "[c] hemical flavorings in liquid form used to refill electronic cigarette cartridges; Flavorings for tobacco," based on an application filed on December 27, 2012;

e. JUICY (Reg. No 4416085), issued on October 8, 2013 for "[e]lectronic vaporizers," based on an application filed on December 27, 2012;

f. JUICY (Reg. No. 4568185), issued on July 15, 2014, for "[h]erbs for smoking," based on an application filed on December 11, 2013;

g. JUICY (Reg. No. 5046497), issued on September 20, 2016, for "[p]roviding consumer and business information and related news in the fields of marijuana and cannabis and medicinal and therapeutic marijuana and cannabis," based on an application filed on May 19, 2015.

30. The trademarks within the BBK Family of JUICY Marks identified in the paragraph above are referred to as the "Registered Marks in the BBK Family of JUICY Marks."

31. True and accurate copies of the registration certificates for the Registered Marks in the BBK Family of JUICY Marks are attached as Exhibits D through J.



DICKINSON WRIGHT

32.   BBK uses the BBK Family of JUICY Marks to promote the JUICY Brand Products.

33.   BBK's promotional efforts using the BBK Family of JUICY Marks include, among other things: Internet advertising; point-of-sale materials; event sponsorships; contests, and trade-show attendance.

34.   BBK sales and promotion of the JUICY Brand Products using the BBK Family of JUICY Marks have made the marks in the BBK Family of JUICY Marks valuable as identifiers of BBK products and services that serve to distinguish the BBK products and services from competing products and services.

35.   Customers in this judicial district and elsewhere readily recognize the marks in the BBK Family of JUICY Marks as distinctive designations of the origin of the JUICY Brand Products.

36.   The marks in the BBK Family of JUICY Marks have significant goodwill in the marketplace and are uniquely associated with BBK and its business, as well as the quality and nature of the JUICY Brand Products.

**B.   Defendants' Products**

37.   Defendants produce, sell, and distribute disposable vape devices, liquid flavoring and other products relating to smoking and/or vaping ("Defendants' Products"). (*See* Paragraph 54 below.)

38.   The U.S. Food and Drug Administration ("FDA") requires market authorization for products like Defendants' Products before such products can be produced, distributed or sold in the United States.

39.   Upon information and belief, Defendants' Products do not have FDA market authorization.

**C.   Defendants' Infringing Acts**

40.   Upon information and belief, Defendants, and each of them, are manufacturing, selling, offering to sell, and/or importing into the U.S. vape devices, liquid flavoring and smoking

and/or vaping accessories.

41.    Upon information and belief, Defendants, and each of them, are selling and/or offering to sell these products using the name "juucy."

42.    True and correct images of the written materials provided at Defendants' CHAMPS Show exhibit booth are included in the body of this Complaint and are attached hereto as Exhibit K.

43.    Although Defendants, and each of them, have created a slight variation by spelling "juucy" with two "u" letters instead of with the letters "ui," the word is written in a cursive style font that makes the word look at first glance like it is spelled "ui" and, more importantly, conveys to the consumer that the name is pronounced "juicy."

44.    The intent to have the word "juucy" pronounced like "juicy" is further evidenced by the name "Juucy juice" for one of Defendants' products.

45.    The identical pronunciation of these competing product lines appears to be an intentional choice designed to enhance consumer confusion and permit Defendants', and each of them, to benefit from BBK's sterling reputation.

46.    The decision to use the word "juucy" appears to be purposefully calculated to trade off the goodwill and notoriety BBK has developed in its JUICY Brand Products.

47.    There is substantial likelihood of confusion between whether the JUICY Brand Products identified by the BBK Family of JUICY Marks have the same source, affiliation and/or sponsorship with Defendants' Products offered for sale by Defendants, and each of them.



48.     On February 3, 2022, Defendants, and each of them, were observed to be operating the Juucy Booths at CHAMPS.

49.     The Juucy Booths are two practically identical booths at CHAMPS that displayed



the infringing products and accompanying signage below (the "Juucy Booths"):

50.     The signage at the Juucy Booths included "Juucy®," conveying the impression that the "Juucy" name is registered with the PTO as a trademark.

51.     The "Juccy" is not registered with the PTO as a trademark.

52.     At the Juucy Booths, Defendants, and each of them, marketed, sold, and/or offered for sale Defendants' Juucy-branded products, including vaporizers, liquid flavoring for tobacco and other smoking-related products.

53.     The marketing materials and samples being provided by Defendants, and each of them, at the Juucy Booths expressly tie back to the same address Defendants, and each of them,

provided to the Florida Secretary of State, namely 470 Ansin Blvd., Hallandale Beach, FL 33009:




54.     The marketing materials and sample products being distributed at CHAMPS by Defendants, and each of them, included the following:













1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



55.     Defendants, and each of them, have infringed on BBK's trademark rights in the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks by making, using, promoting, advertising, distributing, selling, and offering to sell, JUUCY Products using the name JUUCY (the "JUUCY Name").



56.     Defendants, and each of them, display, promote, and make available for sale the JUUCY Products using the JUUCY Name in the same manner that BBK and others display, promote and make available for sale BBK's JUICY Brand Products using the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks.

57.     Upon information and belief, Defendants, and each of them, are using, and have used, the JUUCY Name intentionally to trade upon the goodwill and substantial recognition associated with the JUICY Brand Products offered under the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks.

58.     Upon information and belief, Defendants, and each of them, use the JUUCY Name to associate the JUUCY Products with the JUICY Brand Products or otherwise trade upon BBK's reputation.

59.     Furthermore, as shown in Paragraph 54 above, Defendants, and each of them, wrongfully and deliberately included the ® registration symbol next to the JUUCY Name on signage, product, and lanyards.

60.     A query of the PTO's Trademark Electronic Search System (TESS) reveals that there are no registrations or applications pending for the mark "JUUCY."

61.     Upon information and belief, the Defendants, and each of them, knowingly and intentionally misrepresented the JUUCY Name as having been registered by the PTO to create further association with the JUICY Brand Products offered under the BBK Family of JUICY Marks, particularly the Registered Marks in the BBK Family of JUICY Marks.

62.     Upon information and belief, the use of the JUUCY Name by Defendants, and each of them, causes, or is reasonably likely to cause, consumer confusion, mistake, or deception regarding the origin, association or sponsorship of Defendants' Products, including the JUUCY Products.

63.     Upon information and belief, the use of the JUUCY Name by Defendants, and each of them, causes, or is reasonably likely to cause, consumers and potential customers to believe erroneously that the JUUCY Products are put out by and/or sponsored or associated with



products originating from BBK when, in fact, the JUUCY Products are not.

64.     Further enhancing the likelihood of confusion, Defendants, and each of them, market their JUUCY Products to the same consumers as BBK. Evidencing this overlap, both BBK and JUUCY are exhibitors at the 2022 CHAMPS trade show.

65.     Moreover, by selling products without FDA approval under the JUUCY Name, Defendants', and each of them, are creating the risk that consumers, and others, will conclude, erroneously, that BBK is selling products without the required FDA market authorization.

66.     Defendants', and each of their, acts outlined herein cause, have caused, and/or are reasonably likely to cause, BBK to suffer irreparable injury to its business and substantial loss of goodwill and reputation unless and until a court order enjoins Defendants, and each of them, from continuing to commit the wrongful actions outlined herein.

**COUNT 1**
**(Federal Trademark Infringement)**
**(15 U.S.C. § 1114)**

67.     BBK realleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

68.     This is an action for trademark infringement arising under 15 U.S.C. § 1114.

69.     BBK owns the Registered Marks in the BBK Family of JUICY Marks and uses those marks in commerce in connection with its JUICY Brand Products.

70.     Upon information and belief, Defendants, and each of them, did not start using the JUUCY Name until sometime after 2020.

71.     BBK's earliest use of the Registered Marks in the BBK Family of JUICY Marks began in 2001, which is long before Defendants', and each of their, first use of the JUUCY Name sometime after 2020.

72.     Defendants', and each of their, use in commerce of the JUUCY Name is a colorable imitation of the Registered Marks in the BBK Family of JUICY Marks in connection with the selling, offering for sale, distributing, and/or advertising of Defendants' electronic cigarette and vape products using the JUUCY Name.

73.     Defendants, and each of them, offer their smoking-related products using the JUUCY Name in the same channels of trade as BBK offers its JUICY Brand Products using the Registered Marks in the BBK Family of JUICY Marks.

74.     Upon information and belief, Defendants, and each of them, have actual knowledge of BBK's ownership and prior use of the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks, and, without BBK's consent, has willfully violated 15 U.S.C. § 1114 et seq.

75.     Defendants', and each of their, acts caused, or are likely to cause, confusion, mistake, or deception because it is likely that the public will mistakenly believe that the JUUCY Products sold or offered using the JUUCY Name have their source or origin with BBK or are in some manner approved by, associated with, sponsored by or connected with BBK, all in violation of 15 U.S.C. §§ 1114 et seq.

76.     Upon information and belief, Defendants', and each of their, actions were undertaken willfully, and with the intent to confuse and deceive the public.

77.     Defendants, and each of them, have damaged, or may damage, BBK's business, reputation and goodwill and has interfered, or may interfere, with BBK's use of the Registered Marks in the BBK Family of JUICY Marks and sale of its JUICY Brand Products.

78.     Defendants, and each of them, have caused, and unless enjoined, will continue to cause, irreparable harm and injury to BBK for which there is no adequate remedy at law.

79.     Pursuant to 15 U.S.C. § 1116, Defendants, and each of them, should be permanently enjoined from using the JUICY Name or variants thereof, to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK Products or otherwise infringing on BBK's trademark rights in the Registered Marks in the BBK Family of JUICY Marks.

80.     Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendants, and each of them,:

        a.      All profits received by Defendants, and each of them, from their use of the



JUICY Name or variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the JUICY Brand Products;

b.    Damages sustained by BBK due to Defendants', and each of their, use of the JUICY Name or variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the JUICY Brand Products;

c.    Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

d.    All costs of this action, including attorneys' fees.

81.    Pursuant to 15 U.S.C. § 1118, BBK is also entitled to an order from this Court compelling Defendants, and each of them, to destroy all materials bearing the JUUCY Name or variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK JUICY Brand Products.

## COUNT 2
### (Federal False Designation of Origin and Representation)
### (15 U.S.C. § 1125(a))

82.    BBK re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

83.    This is an action for false designation of origin arising under 15 U.S.C. § 1125(a).

84.    BBK has common law and federal registered rights in the BBK Family of JUICY Marks though use by BBK of the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks in connection with the sale and offering for sale of the JUICY Brand Products.

85.    BBK's earliest use of a mark in the BBK Family of JUICY Marks began in 2001, which is long before Defendants' first use of the JUUCY name sometime after 2020.

86.    Defendants', and each of their, use of the JUUCY Name for products that are related to smoking and do not originate or are not otherwise associated with BBK constitutes a false designation of origin.

87.    BBK did not authorize Defendants, and each of them, to use the JUUCY Name for



16

the JUUCY Products, or in the advertising of them.

88.     Defendants', and each of their, use of the JUUCY Name to identify the JUUCY Products is a false designation of origin that has caused, or is likely to cause, confusion, mistake, and deception as to the affiliation, connection or association between the JUUCY Products and the goods, services and commercial activities of BBK, all in violation of 15 U.S.C. § 1125(a)(1)(A).

89.     Defendants', and each of their, conduct has deprived and will continue to deprive BBK of the ability to control the consumer perception of its products and services offered under the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks, placing the valuable reputation and goodwill of BBK in the hands of Defendants, and each of them.

90.     Upon information and belief, Defendants, and each of them, infringed, and have infringed, on BBK's trademark rights for the JUICY Brand Products with the intent to: compete against BBK; trade on BBK's reputation and goodwill by causing consumer confusion and mistake; and deceive the public into believing that the JUUCY Products are associated with, sponsored by, or approved by BBK, when they are not.

91.     Upon information and belief, Defendants, and each of them, have actual knowledge of BBK's ownership and prior use of the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks, and, without BBK's consent, have willfully violated 15 U.S.C. § 1125(a).

92.     Defendants', and each of their, aforementioned acts have irreparably injured BBK in an amount to be determined at trial. Such irreparable injury will continue unless and until Defendants, and each of them, are permanently enjoined by this Court from further violation of BBK's rights, for which BBK has no adequate remedy at law.

93.     Pursuant to 15 U.S.C. § 1116, Defendants, and each of them, should be permanently enjoined from using the JUICY Name or variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the



BBK Products, or otherwise infringing on the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks.

94.     Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from Defendants, and each of them:

a.      Defendants', and each of their, profits from selling Defendants' Products, including the JUUCY Products, using the JUICY Name or any variants thereof to identify Defendants' Products or other products or services identical or related to the BBK Products;

b.      BBK's actual damages, including, but not limited to, BBK's added advertising costs necessitated by Defendants', and each of their, sale of Defendants' Products using the JUICY Name or any variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK Products;

c.      Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and,

d.      The costs of this action, including attorneys' fees.

95.     Furthermore, BBK seeks an order from this Court under 15 U.S.C. § 1118 compelling Defendants, and each of them, to destroy all materials bearing the JUUCY Name or any variants thereof that identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK JUICY Brand Products.

## COUNT 3
### (False Advertising – 15 U.S.C. § 1125(a)(1)(B))

96.     BBK re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

97.     Through the aforementioned conduct, Defendants, and each of them, have made false and misleading statements of fact in commercial advertising or promotion by misrepresenting that the JUUCY Name is subject to a federal trademark registration when it is not.

98.     The inclusion of a false PTO registration symbol has or has the capacity to deceive consumers.

99.     The inclusion of a false PTO registration symbol is a deception that has or is likely to have a material effect on purchasing decisions.

100.    Defendants', and each of their, products affect interstate commerce, as demonstrated by Defendants', and each of their, attendance at the CHAMPS Show for the purpose of marketing, promoting, and selling their products to customers from numerous states.

101.    Defendants', and each of their, actions constitute false advertising and a violation of 15 U.S.C. § 1125(a)(1)(B).

102.    Defendants', and each of their, false advertising has caused substantial and irreparable damage and injury to BBK for which BBK has no adequate remedy at law.

103.    Accordingly, BBK is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and any such other relief as the Court may deem just and proper.

## COUNT 4
### (Trademark Infringement under Nevada Common Law)

104.    BBK re-alleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint, as though fully set forth herein.

105.    This cause of action for infringement arises under the common law of Nevada.

106.    BBK and Defendants, and each of them, are engaged in the sale of goods that target the consumer group interested in smoking-related products, namely electronic cigarettes and vape devices.

107.    BBK has common law rights in Nevada to the BBK Family of JUICY Marks through BBK's use of the BBK Family of JUICY Marks in Nevada.

108.    BBK owns the BBK Family of JUICY Marks that were used, in some instances, in commerce in Nevada since 2001.

109.    Upon information and belief, Defendants', and each of their, use the JUUCY Name in connection with the sale, or offering for sale, of smoking-related products in Nevada or elsewhere.

110.    Defendants', and each of their, use of the JUUCY Name and variants thereof is

19

likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of the JUUCY Products, and constitutes infringement of the BBK Family of JUICY Marks under the common law of Nevada.

111.    By its actions, Defendants, and each of them, have infringed the BBK Family of JUICY Marks deliberately in Nevada and with the intention of wrongfully trading on the goodwill and reputation symbolized by the BBK Family of JUICY Marks in Nevada.

112.    As a result of Defendants', and each of their, aforesaid conduct, BBK has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by BBK in the BBK Family of JUICY Marks.

113.    BBK is entitled to recover an amount equivalent to the amount of profits that Defendants, and each of them, have derived and may continue to derive as a result of their unlawful misappropriation and infringement of the BBK Family of JUICY Marks.

114.    Defendants', and each of their, conduct as described above has been willful, deliberate, malicious, and with intent to injure BBK. Therefore, BBK is also entitled to recover exemplary damages from Defendants, and each of them, in an amount sufficient to punish Defendants, and each of them, and to deter them and others from engaging in similar wrongful conduct in the future.

115.    Defendants, and each of them, should also be permanently enjoined from using the JUUCY Name or variants thereof to identify Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK Products.

## COUNT 5
### (Unfair Competition under Nevada Common Law)

116.    BBK realleges and incorporates by reference all allegations contained in the above paragraphs of this Complaint as though fully set forth herein.

117.    This is an action for common law unfair competition arising under the common law of Nevada.

118.    BBK and Defendants, and each of them, are engaged in the sale of good that target the consumer group interested in smoking-related products, namely electronic cigarette and vape

1   devices.

2       119.    BBK has common law rights in Nevada to the BBK Family of JUICY Marks

3   through BBK's use of the BBK Family of JUICY Marks in Nevada.

4       120.    BBK owns the BBK Family of JUICY Marks that were used, in some instances,

5   in commerce in Nevada since 2001.

6       121.    Upon information and belief, Defendants, and each of them, use the JUUCY Name

7   in connection with the sale, or offering for sale, of smoking-related products in Nevada or

8   elsewhere.

9       122.    BBK has not authorized Defendants, and each of them, to use the BBK Family of

10   JUUCY Marks in connection with any of Defendants' Products, including the JUUCY Products,

11   in Nevada or elsewhere.

12       123.    By virtue of the acts outlined herein, Defendants, and each of them, have

13   intentionally caused a likelihood of confusion among the public and have unfairly competed with

14   BBK in violation of the common law of Nevada.

15       124.    Defendants', and each of their, willful acts of unfair competition have caused

16   damage and irreparable injury to BBK in an amount to be determined at trial.

17       125.    Defendants', and each of their, willful acts of unfair competition under Nevada

18   common law constitute fraud, oppression, and malice. Accordingly, BBK is entitled to exemplary

19   damages.

20   **COUNT 6**

21   **(Deceptive Trade Practices in Violation of NRS 598.0915)**

22       126.    BBK re-alleges and incorporates by reference all allegations contained in this

23   Complaint as though fully set forth herein.

24       127.    BBK obtained and maintains validly PTO registered trademarks in the Registered

25   Marks in the BBK Family of JUICY Marks, some of which have been used in commerce in

26   Nevada since 2001.

27       128.    Defendants, and each of them, have failed to seek or obtain PTO registration of a

28   trademark for the name "Juucy" to be used in connection with the manufacture, sale, and

distribution of electronic cigarettes, vape pens, flavoring liquids, or other smoking-related products.

129.   Due to the likelihood of confusion between the JUUCY Name with BBK's Registered Marks in the BBK Family of JUICY Marks, and the competitive proximity of the products related to them, it is unlikely that Defendants, and each of them, would be able to successfully obtain registration with the PTO of the JUUCY Name as a trademark for Defendants' Products.

130.   Nevertheless, Defendants, and each of them, are holding themselves out to the public as having a PTO registration of the JUUCY Name as a trademark, when they do not.

131.   The unlawful use of the trademark registration symbol constitutes a deceptive trade practice under NRS 598.0915(2), (3), and (4), as it misrepresents the origin of the goods.

132.   The unlawful use of the PTO registration symbol further constitutes a deceptive trade practice under NRS 598.0915(15), as it is a false representation in a transaction.

133.   As the direct and proximate result of Defendants', and each of their, deceptive trade practices, BBK has suffered and will continue to suffer monetary damages and irreparable injury to its business, reputation, and goodwill.

134.   BBK has been required to retain the services of an attorney to pursue its claims and is entitled to an award of reasonable attorneys' fees and costs incurred in the prosecution of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, BBK respectfully prays that the Court grant the following relief:

1.   A judgment in favor of BBK and against Defendants, and each of them, on all causes of action alleged herein;

2.   A judgment that Defendants, and each of them, have violated the provisions of 15 U.S.C. § 1114 et seq.;

3.   A judgment that Defendants, and each of them, have violated the provisions of 15 U.S.C. § 1125(a)(1)(A) and 15 U.S.C. § 1125(a)(1)(B);



4.      An adjudication that Defendants, and each of them, have unfairly competed with BBK under the common law of Nevada;

5.      An adjudication that Defendants, and each of them, have infringed the BBK Family of JUICY Marks under the common law of Nevada;

6.      A permanent injunction, pursuant to 15 U.S.C. § 1116, preventing Defendants, and each of them, from (a) copying, manipulating, reproducing, distributing, selling, displaying, or otherwise using in any manner the JUUCY Name on Defendants' Products, including the JUUCY Products, or other products or services identical or related to the BBK Products; (b) filing, maintaining or pursuing in any way any application for registration with the PTO or any other governmental agency in the U.S. of the JUUCY Name and variants thereof as a trademark or service mark for any products or services involving or associated with BBK Products and any other products or services identical or related to the BBK Products; (c) using the JUUCY Name or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with BBK, the BBK Family of JUICY Marks, the Registered Marks in the BBK Family of JUICY Marks, or any BBK Products;

7.      An order directing Defendants, and each of them, to: (a) notify all customers, distributors, advertisers and other persons, involved in Defendants', and each of their, sale of, or attempt to sell, products or services using the JUUCY Name, that the BBK Family of JUICY Marks are owned and controlled exclusively by and for the benefit of BBK; (b) deliver to BBK to be destroyed all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants', and each of their, possession and bearing the JUUCY Name (or any other mark, name, or other designation, description, or representation that violates § 1125(a)) or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same; (c) to file with this Court and serve upon BBK within thirty (30) days after the service of the injunction, a written report, created under oath, that sets forth in detail the manner and form in which Defendants, and each of them, have complied with the injunction

pursuant to 15 U.S.C. § 1116;

  8. Pursuant to 15 U.S.C. § 1118, an order impounding Defendants' Products using the JUUCY Name or variants thereof, and any other infringing products, and all articles by means of which such copies may be produced and a permanent order requiring Defendants, and each of them, to deliver and destroy all devices, literature, advertising, goods, products, and other materials bearing the JUUCY Name, or any other matter that infringes on BBK's rights in the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks;

  9. An accounting for any and all profits derived from Defendants, and each of them, providing of goods through the use of the JUUCY Name;

  10. Pursuant to 15 U.S.C. § 1117, an award to BBK of:

   a. Defendants', and each of their, profits and compensatory damages, in an amount to be proven at trial, for the injuries sustained by BBK as a result of the acts complained of herein and that said damages be trebled pursuant to 15 U.S.C. § 1117(b);

   b. BBK's actual damages, including, but not limited to, BBK's added advertising costs necessitated by Defendants', and each of their sale of Defendants' Products using the JUUCY Name or any variants thereof; and

   c. Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

   d. All costs of this action;

  11. Pursuant to 15 U.S.C. § 1125(a), an order (a) entering a preliminary and permanent injunction against Defendants, and each of them, prohibiting them from continued use of the JUUCY Name or any other matter that infringes upon BBK's rights in the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks; (b) awarding BBK treble damages pursuant to statute; (c) directing the disgorgement of profits resulting from Defendants', and each of their, infringing activities; and (d) awarding BBK all attorneys' fees and costs incurred in the prosecution of this matter;

  12. Pursuant to 15 U.S.C. § 1125(a)(1)(B), an order (a) entering a preliminary and



permanent injunction against Defendants, and each of them, prohibiting them falsely using a PTO registration symbol in connection with the JUUCY Name or any other matter that infringes upon BBK's rights in the BBK Family of JUICY Marks and the Registered Marks in the BBK Family of JUICY Marks; (b) awarding BBK treble damages pursuant to statute; (c) directing the disgorgement of profits resulting from Defendants', and each of their, infringing activities; and (d) awarding BBK all attorneys' fees and costs incurred in the prosecution of this matter

13.     Pursuant to NRS 41.600(3), an order enjoining Defendants, and each of them, from utilizing a trademark registration symbol without first obtaining a registered trademark from the PTO and awarding BBK its full measure of damages, including for costs and attorneys' fees incurred in the prosecution of this action;

14.     An award to BBK of its full costs in litigating this matter, including reasonable attorneys' fees; and,

15.     An award to BBK of any such other and/or further relief as the Court deems just and equitable under the circumstances.

## **JURY DEMAND**

Pursuant to FRCP 28, BBK hereby demands a trial by jury on all issues for which a trial by jury may be had.

Dated: February 4, 2022

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ John L. Krieger*
John L. Krieger
Nevada Bar No. 6023
DICKINSON WRIGHT PLLC
jkrieger@dickinsonwright.com
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169-0965
Phone: (702) 550-4400
Fax: 844-670-6009

*Attorneys for Plaintiff*

25

